## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:21cv60664

LILIT KAZARYAN
,

    Plaintiff,

                                             JURY TRIAL DEMANDED

vs.

CASCADE CAPITAL FUNDING, LLC, and
MARCADIS SINGER P.A.

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff LILIT KAZARYAN (*hereinafter* "Plaintiff") by and through her undersigned counsel bring this action for damages resulting from Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (*hereinafter* "FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et seq.* (*hereinafter* "FCCPA") and malicious prosecution.

## JURISDICTION AND VENUE

1.      This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and this court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1337.

2.      The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different states.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendants transacts business here and much of the conduct complained of occurred here.

Page 1 of 16

## NATURE OF ACTION

### *THE FAIR DEBT COLLECTION PRACTICES ACT*

4.       The Fair Debt Collection Practices Act (the "FDCPA") is a series of statues which prohibits a catalog of activities in connection with the collection of debts by third parties. *See* 15 U.S.C. §1692.  Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors.  The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure [sic] that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses." 15 U.S.C. §1692(e).

5.       In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).  Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. §1692(b).

6.       The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collection and provides for specific consumer rights.  15 U.S.C. §1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, but generally and in a specific list of disapproved practices.

7.       Section 1692d of the FDCPA prohibits debt collectors from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

with the collection of a debt."  The six subsections of §1692d set forth a non-exhaustive list of

practices that fall within this ban. 15 U.S.C. §1692d.

       8.      Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading

representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.  The

sixteen subsections of §1692e set forth a non-exhaustive list of practices that fall within this ban

of which includes:

> (2) The false representation of [] (A) the character, amount, or legal
> status of any debt; or (B) any services rendered or compensation
> which may be lawfully received by any debt collector for the
> collection of a debt.
>
> …
>
> (5) The threat to take any action that cannot legally be taken or that
> is not intended to be taken.
>
> …
>
> (10) The use of any false representation or deceptive means to
> collect or attempt to collect any debt or to obtain information
> concerning a consumer.

15 U.S.C. §1692e.

### THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

       9.      The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable

legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area

of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d

196, 200-201 (Fla. 1976).  In 1993, the FCCPA was enacted to complement the FDCPA, and, as

of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections

and protections and prohibitions of the FDCPA. *See Bianchi v. Migliaccio, LLP*, 2011 WL 379115

(S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent

that the FCCPA be read as providing regulations that complement the FDCPA.  Specifically, the

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted)).

10.     Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit.  Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.27(9).

11.     The FCCPA governs the collection of debts with more scrutiny and specificity than that of the FDCPA, whereby, in its totality, not only does the FCCPA codify additional conduct as explicitly unlawful – but most critically – the FCCPA applies to individuals and/or entities not otherwise regulated by the FDCPA.  *See In re Hathcock*, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to *any persons collection a consumer debt*." (emphasis added)); *See, e.g.*, *Heard v. Mathis*, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious).

12.     As set forth in more detail below, Defendants violated the aforementioned portions the FDCPA and FCCPA.  Plaintiff now seeks damages for relief for the same.

## **PARTIES**

13.     Plaintiff is a natural person now residing in the County of Broward in the State of Florida and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

14.     Defendant CASCADE CAPITAL FUNDING, LLC is a foreign limited liability company organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

15.     Defendant MARCADIS SINGER P.A. is a Florida profit corporation existing under the laws of the State of Florida and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

16.     Both Defendants, CASCADE CAPITAL FUNDING, LLC and MARCADIS SINGER, P.A., each regularly attempt to collect debts alleged to be due to others.

17.     All of the acts of MARCADIS SINGER, P.A., and CASCADE CAPITAL FUNDING, LLC alleged herein were done as an attempt to collect debts originally owed to Pentagon Federal Credit Union after the account was in default.

18.     All references to "Defendants" herein shall mean all of the Defendants or an employee of the Defendants.

## **FACTS**

19.     On July 10, 2017, the Plaintiff incurred a debt with her original creditor Pentagon Federal Credit Union.  This debt will be referred to as "the subject debt."

20.     The subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes.  As such, the subject debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

21.     The subject debt was incurred through a credit card account Plaintiff LILIT KAZARYAN was issued by Pentagon Federal Credit Union for which she personally obligated.

22.     Plaintiff LILIT KAZARYAN incurred debt from her original creditor Pentagon Federal Credit Union in the amount of $5,415.59

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

23.    Pentagon Federal Credit Union sold the debt account to BSAM Investment SPV II, LLC. BSAM Investment SPV II, LLC hired Emergent Serving to attempt to collect the subject debt from Plaintiff, LILIT KAZARYAN.

24.    On or about, January 28, 2019 the Plaintiff, LILIT KAZARYAN received a letter from Emergent Serving offering to settle the subject debt with Plaintiff in exchange to paying $2,708.00 in two payments.  *See* Exhibit A.

25.    Plaintiff, LILIT KAZARYAN tendered the payments and Emergent Servicing confirmed receipt of the payment.

26.    On or about February 19, 2019 Emergent Servicing provided a Plaintiff letter as evidence that the subject debt had been paid in full.  *See* Exhibit B.

27.    Plaintiff's payment to Emergent Servicing was honored by her financial institution, and therefore she had no further obligation for the account.

28.    Plaintiff's settlement of the subject debt was reported to BSAM Investment SPV II, LLC.

29.    Emergent Servicing's February 19, 2019 letter to Plaintiff evidencing the settlement of the subject debt was included in the file maintained by BSAM Investment SPV II, LLC and Emergent Servicing for the subject debt.

30.    After February 19, 2019, Defendant CASCADE CAPITAL FUNDING, LLC was assigned the right to collect the subject debt from BSAM Investment SPV II, LLC.

31.    BSAM Investment SPV II, LLC and/or Emergent Servicing provided CASCADE CAPITAL FUNDING, LLC with the file they had maintained on the subject debt.

32.    At a time better known to Defendants, MARCADIS SINGER, P.A. retained to represent CASCADE CAPITAL FUNDING, LLC to collect the subject debt.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

33.    CASCADE CAPITAL FUNDING, LLC and MARCADIS SINGER, P.A. reviewed the file and/or other business records it received from BSAM Investment SPV II, LLC and/or Emergent Servicing prior to their attempts to collect on the account.

34.    As a result of their review of the file and/or other business record, including the February 17, 2019 letter, CASCADE CAPITAL FUNDING, LLC and MARCADIS SINGER, P.A. knew Plaintiff had settled the subject debt in full.

35.    Despite their knowledge, on July 2, 2020, Defendant, MARCADIS SINGER, P.A. filed a Complaint on behalf of CASCADE CAPITAL FUNDING, LLC against Plaintiff LILIT KAZARYAN seeking to collect the subject debt in Broward County Court and was assigned case number COCE-20-014959 (the "Collection Lawsuit").  *See* Exhibit C.

36.    Plaintiff LILIT KAZARYAN became aware of the Collection Lawsuit and was shocked to see that MARCADIS SINGER, P.A. and CASCADE CAPITAL FUNDING, LLC were attempting to collect a debt from her that she had already settled.

37.    In their Complaint MARCADIS SINGER, P.A. and CASCADE CAPITAL FUNDING, LLC allege "The Defendant owes the Plaintiff $5,390.59 that is due in accordance with the alleged account."

38.    LILIT KAZARYAN did not in fact owe $5,390.59 on this account as the subject debt had been settled in full in 2019.

39.    As a direct result of Defendant actions and/or inactions Plaintiff was forced to retain Light & Gonzalez, PLLC and Benjamin Law Practice, PLLC to represent her in the Collection Lawsuit and agreed to pay her attorney's a reasonable fee.

40.    On July 24, 2020 Light & Gonzalez, PLLC and Benjamin Law Practice, PLLC appeared in the Collection Lawsuit.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

41.    On August 7, 2020 MARCADIS SINGER, P.A. and CASCADE CAPITAL FUNDING, LLC voluntarily dismissed the Collection Lawsuit.  *See* Exhibit D.

42.    Plaintiff has hired the undersigned counsel to represent her in the current action, and has agreed to pay her attorneys a reasonable fee for their services.

### COUNT I: VIOLATION OF 15 U.S.C. § 1692 *et seq.*  (FDCPA) AGAINST CASCADE CAPITAL FUNDING, LLC and MARCADIS SINGER P.A.

43.    Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 42 above.

44.    The conduct of Defendants, CASCADE CAPITAL FUNDING, LLC and MARCADIS SINGER P.A. as described in this Complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*).

45.    Defendants CASCADE CAPITAL FUNDING, LLC and MARCADIS SINGER P.A. violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) through their false representations regarding the character, amount, and legal status of the subject debt Defendants.

46.    Defendants CASCADE CAPITAL FUNDING, LLC and MARCADIS SINGER P.A. knew the subject debt had been settled but represented to Plaintiff, her attorneys, and to the court in Broward County that Plaintiff still owed amounts on the account.

47.    In their Complaint and out of court communications with Plaintiff, Defendants CASCADE CAPITAL FUNDING, LLC and MARCADIS SINGER P.A. represented that Plaintiff owed money on the subject debt even though it had already been settled in full.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

48.     CASCADE CAPITAL FUNDING, LLC and MARCADIS SINGER P.A. violated 15 U.S.C. §1692e(2) by falsely representing the amount that Plaintiff LILIT KAZARYAN owed on the subject debt after it had been settled.

49.     CASCADE CAPITAL FUNDING, LLC and MARCADIS SINGER P.A. violated 15 U.S.C. §1692e(5) by threatening to collect amounts of a debt that they knew they legally could not collect from Plaintiff because she settled the account in full. These threats include each and every representation regarding the character, amount, and legal status of the subject debt made to both the Plaintiff from a time predating the filing of the Complaint through the entry of the order voluntarily dismissing the case.

50.     CASCADE CAPITAL FUNDING, LLC and MARCADIS SINGER P.A. violated 15 U.S.C. §1692e(10) by filing the Collection Lawsuit even though they legally were not entitled to the relief they sought.

51.     Defendants CASCADE CAPITAL FUNDING, LLC and MARCADIS SINGER P.A. violated 15 U.S.C. §1692f by using unfair and unconscionable means  to collect a debt through their continuous misrepresentations regarding the amount, character and legal status of a debt, through their filing of a lawsuit against Plaintiff to collect on the subject debt despite knowledge that she had been expressly released from the subject debt, and through their continued attempts to collect the subject debt against Plaintiff with knowledge she had been expressly released from the subject debt.

52.     As a result of the Defendants' FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious, embarrassed, frustrated, depressed, annoyed, and suffered from financial and emotional distress.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

53.     As a result of Defendants' acts Plaintiff was forced to obtain counsel to represent her to defend a resolved debt and is obligated to pay her attorneys a reasonable attorneys' fee.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against each Defendants and each of them for:

(a) Actual damages which include attorneys' fees incurred in defense of the state action pursuant to the Florida's wrongful act doctrine.

(b) Statutory damages pursuant to 15 U.S.C. § 1692k;

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and;

(d) For such other and further relief as may be just and proper.

## COUNT II: MALICIOUS PROSECUTION

54.     Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 42 above.

55.     To state a claim for malicious prosecution in Florida:

[T]he plaintiff must establish each of six elements: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

*Durkin v. Davis*, 814 So. 2d 1246, 1248 (Fla. 2d DCA 2002).

56.     Defendants, and each of them, commenced the Collection Lawsuit against the LILIT KAZARYAN on July 2, 2020.

57.     Defendant CASCADE CAPITAL FUNDING, LLC were named as the plaintiff and MARCADIS SINGER P.A. drafted and filed the complaint as their legal representatives.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

58.    CASCADE CAPITAL FUNDING, LLC and MARCADIS SINGER P.A. continued to prosecute the Collection Lawsuit action against the LILIT KAZARYAN until August 7, 2020.

59.    Defendant CASCADE CAPITAL FUNDING, LLC was the named the plaintiff throughout the course of the proceeding and MARCADIS SINGER P.A. was the plaintiffs' legal representative throughout the course of the proceeding.

60.    CASCADE CAPITAL FUNDING, LLC and MARCADIS SINGER P.A. caused the commencement and continued prosecution of the Collection Lawsuit against LILIT KAZARYAN from July 2, 2020 until August 7, 2020.

61.    The Collection Lawsuit resulted in a bona fide termination of that proceeding in favor of the LILIT KAZARYAN.  LILIT KAZARYAN is not obligated on the subject debt, and that Plaintiff was not obligated on the subject debt at any time from the commencement of the proceeding until Plaintiff was voluntarily dismissed from the action on August 7, 2020.

62.    CASCADE CAPITAL FUNDING, LLC and MARCADIS SINGER P.A.  did not have probable cause to bring the Collection Lawsuit against Plaintiff because she had settled the subject debt with a prior debt collector and creditor, and this information was available to the Defendants as the February 17, 2019 letter was contained in the business records they received related to the account.

63.    CASCADE CAPITAL FUNDING, LLC and MARCADIS SINGER P.A.  knew that Plaintiff had been released and despite that fact Defendants continued to prosecute the action against Plaintiff.

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

64.     As a result of Defendants' malicious prosecution as alleged herein, Plaintiff became nervous, upset, anxious, embarrassed, frustrated, depressed, annoyed, and suffered from financial and emotional distress.

65.     As a result of Defendants' malicious prosecution Plaintiff was forced to obtain counsel to represent her to defend the state court foreclosure action and is now obligated to pay her attorneys a reasonable attorneys' fee.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against each Defendants and each of them for:

(a). Actual damages which is to include attorneys' fees incurred in defense of the state action pursuant to the Florida's Wrongful Act Doctrine.

(b). Punitive damages;

(c). Costs, disbursements and reasonable attorney's fees; and

(d). For such other and further relief as may be just and proper.

### COUNT III: VIOLATION OF FLA. STAT. § 559.72 *et seq.* (FCCPA) AGAINST CASCADE CAPITAL FUNDING, LLC and MARCADIS SINGER P.A.

66.     Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 42 and paragraphs 55 through 65 above.

67.     At all times relevant to this action Defendants are all subject to and must abide by the law of Florida, including the Florida Consumer Collection Practices Act (Fla. Stat. § 559.72).

68.     The conduct of Defendants as described in this Complaint violated the Florida Consumer Collection Practices Act (Fla. Stat. § 559.72) as follows:

69.     Defendants violated Fla. Stat. § 559.72(9) through their malicious prosecution of their Collection lawsuit and by otherwise claiming, attempting, and threatening to enforce a debt

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

it knew was not legitimate and through their continuous assertion of legal rights they knew did not exist.  Defendants also used unfair and unconscionable means to collect the subject debt through their continuous misrepresentations regarding the amount, character and legal status of a debt, through their filing of a lawsuit against Plaintiff to collect on the subject debt despite knowledge that she had been expressly released from the subject debt, through their continued attempts to collect the subject debt against Plaintiff with knowledge she had settled the subject debt.

70.     As a result of the Defendant's FCCPA violations as alleged herein, Plaintiff became nervous, upset, anxious, embarrassed, frustrated, depressed, annoyed, and suffered from financial and emotional distress.

71.     As a result of Defendants' acts Plaintiff was forced to obtain counsel to represent her to defend a foreclosure action and is obligated to pay her attorneys a reasonable attorneys' fee which are continuing to accrue as the case is currently on appeal.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered against each Defendants and each of them pursuant to Fla. Stat. §559.77 for:

(a) Actual damages which include attorneys' fees incurred in defense of the state action pursuant to the Florida's wrongful act doctrine.

(b) Statutory damages;

(c) Punitive damages;

(d) Costs, disbursements and reasonable attorney's fees; and

(e) For such other and further relief as may be just and proper.

## PUNITIVE DAMAGES

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

72.     At all times relevant to this action Defendants are subject to and must abide by the law of Florida and are subject to a claim for punitive damages if their conduct is prohibited pursuant to Florida Statute §768.72.

73.   Defendants have violated Florida Statute §768.72 because the Defendants have engaged in intentional misconduct or gross negligence as defined by Fla. Stat. §768.72(2)(a) and Fla. Stat. §768.72(2)(b).

74.   Defendants have violated Florida Statute §768.72 because the Defendants had actual knowledge that Plaintiff had been released from the subject debt, Defendants knew that Plaintiff was not legally liable for the subject debt, Defendants knew they were not permitted by law to attempt to collect the debt from Plaintiff, Defendants knew there was a high probability that Plaintiff would be injured and damaged as direct result of their continued efforts to collect the subject debt from her, and despite that knowledge, Defendants intentionally pursued the above described course of conduct, resulting in injury or damage.

75.   Additionally, Plaintiff seeks to recover against the Defendants pursuant to their violation of Fla. Stat. §768.72(3).

76.   Accordingly, Plaintiff respectfully requests that the Court award her punitive damages against the Defendants for willfully, maliciously, intentionally, and/or recklessly misrepresenting the character, amount and/or legal status of a debt to both the Plaintiff and the court in an attempt to collect monies it knew they could not legally collect, for using unfair and unconscionable means to collect the subject debt through their continuous misrepresentations regarding the amount, character and legal status of a debt, through their filing of a lawsuit against Plaintiff to collect on the subject debt despite knowledge that she had been expressly released from the subject debt, through their continued attempts to collect the subject debt against Plaintiff with

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

knowledge she had been expressly released from the subject debt, and through their refusal to dismiss the foreclosure lawsuit upon Plaintiff and her counsel's request despite knowledge Plaintiff had been expressly released from the subject debt, and for causing Plaintiff great emotional and financial distress.

**WHEREFORE,** Plaintiff respectfully requests that punitive damages be entered against each Defendant and for such other and further relief as may be just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief:

a. Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendants, CASCADE CAPITAL FUNDING, LLC and MARCADIS SINGER P.A. , in attempting to collect the subject debt;

b. Statutory as provided under Fla. Stat. §559.77(2), for the FCCPA violations committed by all Defendants in attempting to collect the subject from Plaintiff;

c. Actual damages as provided under Fla. Stat. §559.77(2) and Florida's common law.

d. Punitive damages as permitted by Florida Statute §768.72 and Florida Statute §559.77(2) against all Defendants;

e. Costs and reasonable attorneys' fees in this action as provided by 15 U.S.C. §1692k against CASCADE CAPITAL FUNDING, LLC and MARCADIS SINGER P.A. and as provided by Fla. Stat. §559.77(2) against all Defendants;

f. Costs and reasonable attorneys' fees incurred from the Collection Lawsuit pursuant to Florida's Wrongful Act Doctrine and pursuant to the Fla. Stat. §57.105(7) against all Defendants; and

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com

g.  Any other relief that this Court deems appropriate and just under the circumstances.

## **JURY DEMAND**

Please take notice that Plaintiff demands trial by jury in this action on all claims.


Dated: March 25, 2021                          Respectfully submitted,


                                               /s/ *Gregory Light*
                                               **Gregory Light, Esq.**
                                               Florida Bar. No.: 120907
                                               **Anthony Gonzalez, Esq.**
                                               Florida Bar No.: 119756
                                               Light & Gonzalez, PLLC
                                               Plantation, FL 33324
                                               Telephone: 754-900-6545
                                               Facsimile: 754-203-2700
                                               anthony@lightgonzalezlaw.com
                                               greg@lightgonzalezlaw.com

                                               **Jonathan M. Benjamin Esq.**
                                               Florida Bar. No.: 91315
                                               Benjamin Law Practice, PLLC
                                               4581 Weston Rd Ste 155
                                               Weston, FL 33331
                                               Telephone: (954) 716-8362
                                               Facsimile: (954) 477-8020
                                               jon@benjaminlawpractice.com

Light & Gonzalez, PLLC, 8751 W. Broward Blvd. #209, Plantation, FL 33324
Telephone: 754-900-6545 | Fax: 754-203-2700 | Email: service@lightgonzalezlaw.com | https://lightgonzalezlaw.com